## WOOD & A., ADMRS., *v.* WOOD & TRUSTEE.

Where the pleadings presented two independent issues, both of which must be found for the plaintiff before he could have judgment, and the jury found one in his favor and failed to agree on the other, it was *held* that the verdict might be recorded as to the issue found, leaving only the other issue to be tried by another jury.

A verdict will not be set aside because one of the jurors was uncle to one of the plaintiffs' counsel.

ASSUMPSIT, by Elvira S. Wood and Enoch C. Howe, administrators of the estate of Benj. Wood, against Charles A. Wood, and Wm. H. Gray, trustee, to recover a promissory note, the action being commenced by process of foreign attachment. The trustee deposed that he had given several promissory notes, payable to the defendant or his order. Hunt, Cox, and Kilburn were allowed to come in as claimants of some of the notes, and pleaded the following pleas:

1. " And the said George Hunt, John O. Cox, and Wm. B. Kilburn, by leave of court here for that purpose first had and obtained, come and defend, &c., when, &c., and say, that the said Wm. H. Gray ought not to be charged as the trustee of said Charles A. Wood, because, they say, that before the service of the plaintiffs' writ in this action upon said trustee, the three following notes, named in the said disclosure of the said supposed trustee,—viz., the note signed by the said trustee, bearing date at Lebanon in the State of New Hampshire, on December 11, A. D. 1867, for the sum of $200, payable to C. A. Wood, or order, in three years from the date thereof, with interest annually; the note signed by said trustee, dated at said Lebanon, on said December 11, 1867, for the sum of $200, payable to C. A. Wood, or order, in four years from date, with interest annually; and the note signed by said trustee, dated at said Lebanon, on said December 11, 1867, for the sum of $200, payable to C. A. Wood, or order, in five years from date, with interest annually, the interest on each of said notes having been paid and endorsed thereon to November 6, 1868,—were, to wit, on October 27, A. D. 1869, the property of said Charles A. Wood and one Wheeler W. Ames, then partners, doing business under the firm name of Wood & Ames, and were, to wit, at said Lebanon, on said October 27, 1869, by said Wood & Ames, in good faith assigned and transferred to said George Hunt, John O. Cox, and William B. Kilburn, partners as aforesaid, as collateral security for the payment of two certain promissory notes, duly executed by said Charles A. Wood and Wheeler W. Ames, by their said firm name, dated at said Lebanon, on said October 27, 1869, said first of which two last mentioned notes being for the sum of $152.20, payable to the order of said Wood & Ames, at the First National Bank of Lebanon, N. H., in two months from date, and the other of said last mentioned notes being for the sum of

$172.10, payable to the order of said Wood & Ames, at the First National Bank at Lebanon, N. H., in three months from date, both of which last mentioned were, in good faith and for adequate consideration, duly sold, assigned, and transferred to the said George Hunt, John O. Cox, and William B. Kilburn, partners as aforesaid, by said Wood & Ames, by endorsing their firm name on the back of each of said notes; and this they are ready to verify. Wherefore they pray judgment that said three notes first above mentioned were the property of said Wood & Ames, and were so transferred as in their plea alleged, and for their cost.              By their attorney, EDMUND BURKE."

2. "And the said George Hunt, John O. Cox, and William B. Kilburn, by leave of court here for that purpose first had and obtained, come and defend, &c., when, &c., and say, that the said William H. Gray ought not to be charged as trustee of said Charles A. Wood, by reason of anything contained or set forth in the said disclosure of said Gray, because, they say, that before the service of the plaintiffs' writ in this suit upon the said trustee, three of the notes named in the said disclosure of the trustee,—viz., the note payable in three years from the date thereof, the note payable in four years from the date thereof, and the note payable in five years from the date thereof, to wit, on October 27, A. D. 1869, at Lebanon in the county of Grafton,—were the property of the said Charles A. Wood and one Wheeler W. Ames, then and there partners, doing business under the firm name of Wood & Ames, and were in good faith duly assigned and transferred by said Wood & Ames to said George Hunt, John O. Cox, and William B. Kilburn, partners as aforesaid, as collateral security for the payment of two certain other promissory notes, duly executed by said Charles A. Wood and Wheeler W. Ames, by their said firm name, said two last mentioned notes being dated at said Lebanon, on October 27, A. D. 1869, and payable to the order of said Wood & Ames, at the First National Bank of Lebanon, N. H., the first of said two last mentioned notes being for the sum of $152.20, payable in two months after date, and the other of said two last mentioned notes being for the sum of $172.10, payable in three months after date, which said two last mentioned notes were, in good faith and for an adequate consideration, duly assigned and transferred to said George Hunt, John O. Cox, and William B. Kilburn, partners as aforesaid, by said Wood & Ames; and this they are ready to verify. Wherefore they pray judgment that said three notes first in this plea mentioned were the property of said Wood & Ames, and were so transferred as in their plea is alleged, and for their costs.              By their attorney, EDMUND BURKE."

3. "And the said George Hunt, John O. Cox, and William B. Kilburn, by leave of court here for that purpose first had and obtained, come and defend, &c., when, &c., and say, that the said William H. Gray ought not to be charged as trustee of the said Charles A. Wood, by reason of anything contained or set forth in the said disclosure of said Gray, because, they say, that before the service of the plaintiffs' writ in this suit upon said trustee, three of the notes mentioned in the

disclosure of the said supposed trustee,—to wit, the note payable in three years from date, the note payable in four years from date, and the note payable in five years from date,—were duly assigned and transferred to said George Hunt, John O. Cox, and William B. Kilburn, partners as aforesaid, by the said Charles A. Wood, in good faith, as collateral security for the payment of two other certain promissory notes, duly executed by said Charles A. Wood and one Wheeler W. Ames, there,·at the date of said last mentioned notes, to wit, October 27, A. D. 1869, being partners doing business in the firm name of Wood & Ames, said two last mentioned notes bearing date at Lebanon, in the county of Grafton, October 27, A. D. 1869, and payable to the order of said Wood & Ames, at the First National Bank of Lebanon, N. H., the first of said two last mentioned notes being for the sum of $152.20, payable in three months from date, and the second of said two last mentioned notes being for the sum of $172.10, payable in three months from date, which said two last mentioned notes the said Wood & Ames, in good faith and for a sufficient consideration, duly assigned and transferred to said George Hunt, John O. Cox, and William B. Kilburn, partners as·aforesaid ; and this they are ready to verify.    Wherefore they pray judgment that said three notes first in this plea mentioned were so transferred as in this plea is alleged, and for their costs.                    By their attorney, EDMUND BURKE."

4. " And the said George Hunt, John O. Cox, and William B. Kilburn, by leave of court here for that purpose first had and obtained, come and defend, &c., when, &c., and say, that the said William H. Gray ought not to be charged as trustee of said Charles A. Wood, by reason of anything contained or set forth in the said disclosure of the said Gray, because, they say, that the debt or demand set forth in the said declaration of the plaintiffs against said Charles A. Wood was not due and owing by the said Charles A. Wood to the said Benjamin Wood, deceased, in his lifetime, nor is it due and owing to the estate since his decease, but was fraudulently contracted by the said Charles A. Wood, without consideration,· and with intent to defraud the creditors of the said Charles A. Wood, and especially to defraud the said George Hunt, John O. Cox, and William B. Kilburn, partners as aforesaid, to whom the said Charles A. Wood was then and still is indebted, as partner of the firm of Wood & Ames, in a large sum, to wit, the sum of four hundred dollars, for the security of the payment of which sum the said Charles A. Wood, before the writ in this suit was served on said trustee, in good faith assigned the three notes mentioned in the said disclosure of said Gray, first, becoming due ; and this they are ready to verify.    Wherefore they pray judgment that said debt of the said Charles A. Wood, in the plaintiffs' declaration mentioned, is fraudulent and void, and that said three notes were so transferred, and for their costs.    By their attorney, EDMUND BURKE."

To these pleas the plaintiffs demurred, alleging the following causes of demurrer : 1. The said pleas severally show no claim by the said claimants to the fund for which the trustee, William H. Gray, is sought

to be charged. 2. The pleas assume to be in bar of what the claimants term the disclosure of said Gray, which disclosure, if any exists, furnishes no part of the antecedent pleadings or record of the case. 3. The commencement and conclusion of the pleas are unconformable and inconsistent with each other. 4. The several pleas are argumentative, and allege no claim in favor of the claimants.

The demurrer having been overruled, the plaintiffs excepted, and seasonably tendered a bill of exceptions, which was allowed.

The plaintiffs then filed replications. The replications to the first and second pleas traversed the allegations that the notes were the partnership property of Wood & Ames, and alleged that they were the individual property of Charles A. Wood. On these replications issue was joined. The replications to the third plea admitted the transfer of the Gray notes by the defendant to the claimants, but alleged that the note upon which this action was founded was a valid debt, due from the defendant, in his individual capacity, to the plaintiffs' intestate, existing prior to and at the date of the assignment to the claimants of the three notes first mentioned in the claimants' third plea. The claimants contended that this replication to the third plea was a waiver of the demurrer to the fourth plea ; but it was ruled otherwise, subject to exception. The claimants rejoined, traversing the above allegations in the third replication, and issue was joined on this rejoinder. The replication to the fourth plea traversed the allegation that the debt sought to be recovered by the plaintiffs in this action was contracted fraudulently, or without consideration. Issue was joined on this traverse.

The jury failed to agree upon a verdict on the third and fourth issues, but agreed upon a verdict upon the first and second issues, finding that the notes were not partnership property. Against the claimants' objection, the court received the verdict upon the first and second issues, and caused the following entry to be made on the docket: " Verdict for the plaintiffs on first and second issues. The jury disagreed as to third and fourth issues. Continued." To these proceedings the claimants excepted.

The claimants moved to set aside the verdict, on the ground that one of the jurors was the uncle of one of the plaintiff's counsel. Upon inquiry, the court found that the alleged relationship existed, but denied the motion. The claimants excepted, and tendered a bill embracing all the above exceptions by them taken, which was allowed.

*Burke*, for the claimant of funds in hands of the trustee.

I. The issue in this case is the chargeability of the trustee.

The plaintiffs claim to charge the trustee for the three notes claimed by the claimants, on the ground that the principal defendant was owing to their intestate an individual debt, which was to be paid out of his individual property before such property could be applied in payment of the company's debts of Wood & Ames, of which firm he was a partner.

The claimants claim the three notes in question, and that the trustee should not be charged for them in this suit, on the ground—1, that they were the property of Wood & Ames, and were duly assigned to them before the commencement of this suit, as collateral security for a debt owing to them by said partnership; and 2, that if the notes were not the property of Wood & Ames, but were the individual property of the principal defendant, the debt alleged to be due from him to the plaintiffs' intestate was not a valid debt, but was fraudulent and void, and therefore the assignment of the notes by the principal defendant to them was valid as against the plaintiffs.

The facts are set forth in the pleadings which substantially presented two questions for the determination of the jury,—viz., 1. Were the notes the property of Wood & Ames when assigned to the claimants? 2. Was the debt, alleged to be due from the principal defendant to the plaintiffs' intestate, a valid, subsisting debt?

II. But before replying to the pleas of the claimants, the plaintiffs demurred to them, setting forth four special grounds for demurrer; and the first question presented is, Is the demurrer sustainable? The claimants contend that it is not sustainable, because the facts assumed as special causes of demurrer are not true. 1. The demurrer alleges that the claimants show no claim to the fund in the hands of the trustee. That ground is not true, as the pleas fully show. 2. That the disclosure of the trustee is no part of the record. That is not true, in point of fact. That disclosure, after having been sworn to, becomes a part of the record, and is the foundation of the judgment for or against the trustee. The substantial issue raised by the pleadings is, the chargeability of the trustee. The pleas, taken together, are in the nature of a declaration setting forth the facts which constitute the claim of the claimants to the fund in the hands of the trustee. It is a proceeding authorized by the statute, and in form sanctioned by the supreme court. . Gen. Stats., p. 469, ch. 230, secs. 21–23; *Amoskeag Manufacturing Co.* v. *Gibbs*, 28 N. H. 316. 3. Nor are the facts, assumed as the third ground for demurrer, true : the commencements and conclusions of the several pleas are conformable to the subject-matter pleaded, and furnish sufficient ground for a verdict that the trustee is not chargeable as claimed by the plaintiffs. 4. Nor are the facts, assumed as the fourth ground for demurrer, true. The pleas are not argumentative, and they do allege a claim in favor of the claimants. But, if the pleas are defective, as alleged in the demurrer, their defects are waived by the plaintiffs' pleading over. They should have relied on the sufficiency of the demurrer, and rested until the issues of law tendered by the demurrer, and attempted to be raised by the bill of exceptions, had been determined. *Campbell* v. *Wilcox*, 10 Wall. (U. S.) 421; *Aurora City* v. *West*, 6 Wall. 142—7 *ib.* 82–107; *Evans* v. *Gee*, 11 Peters 80. The same principle is embodied in the rule of pleading, by which the defendant waives all defects appearing on the face of the declaration, not fatal to the plaintiffs' right to recover in any event by pleading to it instead of demurring. 1 Chitty's Pl. 710;

Stephen's Pl. 165 (London ed., 1824); Gould's Pl., ch. IX, part 1, sec. 22.

III. But if all the grounds of demurrer should be held not to have been waived by the plaintiffs' pleading over, then the replication to the third plea was a waiver of the demurrer, so far as applicable to the fourth plea. In averring that the debt due from the principal defendant to the plaintiffs' intestate was a valid debt, it substantially denied that it was a fraudulent one, as alleged in the fourth plea of the claimants. It was substantially taking issue on the matter alleged in the fourth plea.

IV. No legal verdict was in fact rendered in this case. The verdict must embrace the whole matter in issue between the parties, and find sufficient upon which to found a judgment. It must find upon all the issues presented by the pleadings,—unless a finding upon one or more of them will authorize a judgment. If it do not so find, it is bad. It is a nullity if no judgment can be rendered upon it. 3 Bouv. Inst. 500, sec. 3264; *Patterson* v. *The United States*, 2 Wheat. 221; *Kirkpatrick* v. *S. W. Railroad Bank*, 6 Humph. 45; *Sutton* v. *Dana*, 1 Met. 383; *French* v. *Hanchett*, 12 Pick. 15; *Fenwick* v. *Logan*, 1 Mo. 401—3 U. S. Dig. 628, par. 27; *Anderson* v. *Anderson*, 4 Hayward 255—3 U. S. Dig. 628, par. 32; *Vines* v. *Brownrigg*, 2 Dev.; *Phillips* v. *Hill*, 3 Texas 397; 3 Wooddesson's Lectures 200; 3 Tomlin's Law Dict. 735, 737, ed. of 1836; 3 Salk. 374; *Carr* v. *Stevenson*, 5 Humph. 559—5 U. S. Dig. 917, par. 91; *Kintz* v. *McNeal*, 1 Denio 436; *Finymore* v. *Sanky*, 1 Cro. Eliz. 133 (London ed., 1790), and authorities there cited; Hilliard on New Trials 110, sec. 21, &c.; 5 Abbott's N. Y. Dig. 225, par. 468; *Hann* v. *Field*, 3 U. S. Dig. 633, par. 184; *Tucker* v. *Cochran*, 47 N. H. 54; *O'Brien* v. *Hilburn*, 22 Texas 615; *Ronge* v. *Dawson*, 9 Wis. 246; *White* v. *Bailey*, 10 Mich. 155; *Thompson* v. *Tinnin*, 25 Texas (Supp.) 56; *Walker* v. *Talioferro*, 2 Brev. 390—5 U. S. Dig. 915, par. 23; *Cole* v. *State*, 5 Eng. 318—11 U. S. Dig., par. 10; Hilliard on New Trials 108, sec. 20; *Gardiner* v. *Vidal*, 6 Rand. 106—3 U. S. Dig. 631, par. 111.

In this case no judgment can be rendered on the finding of the jury. If they had found either of the substantial issues of fact for the claimants,—viz., 1, that the notes were the property of Wood & Ames, and were assigned as alleged; or 2, that the alleged debt of the principal defendant to the plaintiffs' intestate was not valid,—a judgment could have been rendered for the claimants. Either fact was fatal to the claim of the plaintiffs. To justify a judgment for the plaintiffs, both facts or issues should have been found for them.

V. But can the facts found be taken out of the case, and the facts or issues not found only be submitted to the jury on another trial? Can one jury find part of the facts which go to constitute the verdict of chargeable or not chargeable, and another jury find the remaining facts, and render the general verdict of which all the facts in issue are elements? Can one jury find part of the facts, another jury the remainder, and the court, from the two sets of facts found, conclude the verdict? In other words, can a cause be tried by piecemeal?

The case of *Lisbon* v. *Lyman*, 49 N. H. 553, is not ignored in this argument. The opinion of the learned judge in that case, subjected to a thorough analysis, is believed not to conflict with the positions taken by the claimants in this case, in reference to the character of the verdict, if it be one, entered on the docket by the learned judge who tried it.

That verdict, if it be deemed one, as will be seen, is not supported by authority. · It is opposed by the analogies of many cases heretofore decided and above cited. It will be found to be very inconvenient in the practical administration of justice.

In *Kintz* v. *McNeal*, 1 Denio 436, above cited, it was held that a count for erecting two dams, and cutting trenches, &c., a verdict silent as to the trenches, &c., and extending to one dam only, is defective.

If the ruling in the case at bar is law, that portion of the verdict finding as to one dam, and nothing else, should have been entered on the docket as determined, and·the questions as to the other dam and the trenches submitted to another jury, and the last jury, finding the facts omitted by the first, should·lump the whole together in the verdict which the pleadings require ; or, they should have found the facts omitted, and the court should have concluded the general verdict from the findings of both juries.

Again: a special verdict, finding the defendant guilty of the facts charged in the indictment, but not guilty in the county in which the offence is laid, was held bad. *Commonwealth* v. *Call*, 21 Pick. 509.

If the doctrine upon which the ruling in this case is based is sound, the finding in the last case cited, so far as the facts charged were concerned, should have been entered on the docket, and the question as to the place where the offence was committed left to a second jury, who should return the general verdict of guilty, on which the judgment and sentence should be based.

And, in an action of trover, on a plea of not guilty, if the jury should find the fact of property in the goods in the plaintiff, and disagree as to the conversion, should the fact found by the jury be entered on the docket as· determined, and the conversion and the general verdict to be found be left to a second jury ?

Such a practice would lead to interminable confusion, injustice, and error in the trial of causes.

In all trials, the testimony is usually so blended as to affect, more or less, all questions submitted to the jury. To separate them, and to submit part to one jury and part to another, could not, it would seem, fail to lead to difficulty, and oftentimes to injustice. The whole cause should be submitted to the jury—all the questions of fact involved in the issue, and to be embraced in the final *verdict*.

VI. As to the remaining question—the competency of the jurors—the plaintiffs' counsel knew of the relationship, and did not make it known to the court,—which is sufficient cause for setting aside the verdict, so far as found.

Jurors are excluded from the panel for very slight interest in the

cause. Hilliard on New Trials 154, secs. 60–63, and authorities cited. And for interest in the question—*Ib.* 155, sec. 65.   So, slight degrees of relationship, even being cousin to the defendant's wife, are causes for excluding jurors.   *Ib.* 151–153, secs. 58, 59.

*Barton*, for the plaintiff.

LADD, J.  No specific legal objection to the pleas of the claimants has been pointed out to us, and we see none.   The demurrer must, therefore, be overruled ; and it becomes unnecessary to inquire whether, by replying to the third plea, the plaintiff waived his demurrer to the fourth or not.

As to the main question, it is far within the rule established in *Janvrin* v. *Fogg*, 49 N. H. 340, and *Lisbon* v. *Lyman*, 49 N. H. 553, to say that if there had been a finding of all the issues necessary to a judgment in this case, one way or the other, and there were error in the trial of any one or more of those issues, the verdict might be set aside only as to the issues affected by the error, and permitted to stand as to the others.   The practical result certainly is, that part of the facts necessary to form the basis of a judgment may be found by one jury, and the remainder by another on another trial, provided those facts be distinct and no way interdependent the one upon the other.

To hold this, when part of the findings are set aside for error in the trial, and at the same time to hold that, when the first jury agree upon one and fail to agree upon the other of two separate and independent facts or issues raised in the case, the issue so decided must, as matter of law, be sent back to be retried with the other by the second jury, would be manifestly absurd.   No imaginable reason occurs to us why the whole case should be tried over again in one case any more than in the other.   We are all agreed that the authority of the cases referred to should not be disturbed at this time.   The result is, that the exception to the proceedings of the judge at the trial, in receiving and recording the verdict on the first and second issues, must be overruled.

The relationship of one of the jurors to one of the plaintiffs' counsel, as shown by the case, does not furnish a legal ground for setting aside the verdict.                                    *Case discharged.*